## Archibald C. Wadsworth, Stephen R. Capps and Vincent S. Richardson v. George J. Hocking.

### Same v. William H. Duncan.

### Same v. George W. Laurie.

1. PRACTICE—*Joinder of Parties.*—In an action by a depositor in an insolvent banking association against the stockholders to recover balances due to him at the time of the suspension of the bank, it is not necessary to join as defendants the parties who signed the articles of association where such parties have transferred their stock, although not in the manner provided by the articles of incorporation.

2. BANKING ASSOCIATIONS—*Liability of Stockholders—Transfer of Stock—Parties—Estoppel.*—Where a stockholder in a banking association transferred his stock in a manner different from that prescribed in the articles of association, but the bank issued new certificates of stock to the assignee in lieu of those assigned and continued to deal with him in relation thereto, the remaining stockholders who exercised the functions of the association can not be heard to say as a matter of defense, when sued upon the obligations of the bank, that the stockholder who had so transferred his stock must be joined as a defendant.

3. SAME—*Effect of Irregular Transfer of Stock as Between the Parties.*—Whatever the rights of creditors of an insolvent banking association may be, the effect of a transfer of stock in a manner different from that prescribed by the articles of association, but treated as such by the association, as between the parties thereto, is to substitute the assignee for the assignor, with a corresponding transfer and release of his liability for the obligations of the association.

4. WAIVER—*Of Provisions of Articles of Incorporation.*—The arti-

cles of incorporation are for the benefit and protection of the members of the association, in the first instance, and it is competent for the association and its members, as between themselves, to waive any of the provisions, and when they have done so they are estopped to set up the irregularity.

5. PARTIES—*Trustees as Stockholders.*—Where a person holds stock in a banking association as a trustee, in an action at law against him upon the obligations of the bank, he is the person to be considered as the holder of the stock. It is not necessary to join as a defendant the person for whom such stock is holden.

**Actions Against Stockholders,** upon the obligations of the corporation. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

MORRISON & WORTHINGTON, and RICHARD YATES, attorneys for appellants.

OWEN P. THOMPSON and JOHN A. BELLATTI, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

These cases all stand upon substantially the same ground.

A joint stock company, known as the "Central Illinois Banking and Savings Association," was organized December 14, 1867, with a capital stock of $100,000, divided into one thousand shares of $100 each, for the purpose of transacting a general banking business. The articles of association provided for the election of a board of thirteen directors, who were to elect a president, vice-president and a cashier, with various other provisions in regard to the mode of conducting the business, among which was one to the effect that stock in the association should be assignable and transferable only on the books with the consent of the board of directors, and in case of refusal by the president or cashier to assent to such transfer of stock, the holder should be entitled to require the association to take it at a price to be ascertained in a specified way.

The association was to continue for twenty years, and started with some twenty-eight members. Certificates of

shares were issued in the usual form, and from time to time these were transferred and canceled, the stock being sold to other persons, or to the company, until on the 25th of August, 1893, when the bank suspended, all the stock outstanding was held by the persons who were named as defendants in the cases now under consideration.

On that day the present appellants filed a bill in chancery in the Circuit Court, in which they named themselves, and the others who were made defendants herein, as the sole and only holders and owners of stock in said association, and obtained an order placing the assets of the concern in the hands of a receiver. The present actions were severally brought by depositors to recover the balances due them when the bank suspended. The only defense made at the trial, was on the pleas of non-joinder, in which it was averred that the various persons who had signed the articles of association were jointly liable, and should have been joined as defendants. This theory of non-joinder rests upon the assumed fact that none of the parties named in the pleas had transferred their stock in the manner provided by the articles of association. They had merely sold at private sale without notice to any one, and without the consent of the board of directors or a transfer on the books of the association; yet in every instance when the sale was made to other persons, the old certificates were assigned and canceled and new ones issued instead; and when the bank bought, the certificates were merely assigned and canceled.

In a word, the mode prescribed by the articles for such transfer was not observed, though the bank in every instance recognized the transfer as valid, and dealt with the assignee without objection. Some of these transfers were made before the plaintiffs began doing business with the bank and some after. As far back as 1878, the bank bought in some of the stock and continued to do so until it had acquired some $40,000 of individual holdings. Most, if not all, of the transfers since the accounts of the plaintiffs present began, were to the bank, the last one having been made on the 27th of May, 1892.

One of the persons named in the pleas, Mrs. Eliza C.

Adams, held no stock in her own name, but 128 shares were held by L. W. Brown, one of the defendants, as trustee for her, the certificates being issued to Brown, as trustee, and he having executed a declaration of trust to that effect.

Conceding that the transfers were not strictly according to the form and mode prescribed by the articles of association, yet if they were recognized and acquiesced in by the bank, new certificates being issued to assignees, or when the bank was the purchaser, the stock being thereafter treated by the bank as its own, the bank, i. e., those stockholders remaining who exercised the functions of the association, can not be heard to say, as a matter of defense, when sued upon the obligations of the bank, that those stockholders who had so transferred must be joined as defendants.

Whatever might be the rights of creditors, the effect of such transfers, as between the parties thereto, was to substitute the assignees for the assignors, with a corresponding transfer and release of liability in every instance.

When the bank issued a new certificate of stock it accepted the person named therein, for all purposes, instead of the former holder, and when the bank itself bought the stock it assumed all the burdens of the former holder. Such was the necessary legal implication—otherwise the transaction was mere child's play.

Cases cited in the briefs where creditors sought and were permitted to hold as partners, stockholders who had not withdrawn according to the articles of the association, are not in point. That is not the question here, but whether those who remain as stockholders can compel the creditor to join, as co-defendants, other former stockholders who have retired with their consent, although not in the exact manner pointed out by the articles.

Those articles were for the benefit and protection of the members of the association in the first instance, and certainly it is competent for the association, and its members, as between themselves, to waive any of the provisions thereof, and when they have done so they are estopped to set up the irregularity.

This view will dispose of the pleas of non-joinder as to all

the parties named therein, except Mrs. Adams. As already stated, there was no stock standing in her name. It appears that her husband acquired 128 shares of stock many years ago, and for some purpose, presumably proper, caused a certificate for that amount to be issued to her brother, L. W. Brown, as trustee, and the latter executed a declaration of trust, showing that he held it for her use and benefit. The stock was carried on the books in the name of L. W. Brown, trustee, though dividends were paid to Mrs. Adams directly.

The bank recognized Mr. Brown as the holder of the stock, and so in point of law he was.

The equitable right was in Mrs. Adams, but the legal right was held by him. In a proceeding at law, as this was, he was the proper person to consider as the holder of that stock.

So far as disclosed by the facts in this record, she was not regarded by the bank as a stockholder, nor can the persons now sued for the debt of the bank, set up as a defense hereto that she should have been joined as a defendant.

We deem it unnecessary to discuss the objections made in the briefs to the action of the court in regard to instructions, because, in our opinion, the finding of the jury in each case upon the plea of non-joinder is clearly right, and should not have been different from what it was, no matter what instructions were given or refused.

In the case last named, that of Laurie, the plaintiff also appealed and assigned error upon the finding of the jury and the judgment thereon, in favor of L. W. Brown, upon his plea, traversing an affidavit for attachment against him, but we find nothing in his brief on that point, and we take it the objection is abandoned, as he seeks an affirmance of the judgment.

In this case also, the appellants confine their discussion of the subject of non-joinder to Wm. Brown and Mrs. Adams, though the plea itself seems to be the same as in the other cases, including all those who signed the articles of association originally.

Wm. Brown sold his stock to the association in 1890,

was never afterward regarded by it as a member, and stands on the same footing as the other individuals whose interests were thus absorbed.

We are of the opinion the judgment should be affirmed in each case.